**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

ALBERTO J. SANTIAGO, SR.                                                    PLAINTIFF

v.                                                                   CIVIL ACTION NO. 3:10CV-P39-H

NANCY DOOM *et al.*                                                       DEFENDANTS


## SCHEDULING ORDER

Plaintiff Alberto J. Santiago, Sr., acting without the assistance of counsel, filed this action

pursuant to 42 U.S.C. § 1983.  On initial review of the complaint pursuant to 28 U.S.C.

§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court allowed thirteen

claims to proceed for further development.

The Court allowed the following First Amendment retaliation claims to proceed for

further development:  1) the claim that Defendants Woodward, Doom and Abrams took away

Santiago's wheelchair upon entry to GRCC in retaliation for lawsuits and grievances he filed at

other institutions; 2) the claim that Defendants Doom and Hayes moved Santiago out of a

handicapped cell and put him in a cell that was very far from the dining hall and other facilities

forcing Santiago to crawl to get to meals *etc.* in retaliation for the grievances and lawsuits

Santiago filed at LLCC and GRCC; 3) the claim that Defendant Ford threw Santiago in the

shower and made him stay in it for four hours in retaliation for a grievance Santiago filed against

Defendant Ford; 4) the claim that Defendants Morriss and Ford forced Santiago to crawl on his

hands and knees for an hour in front of them in retaliation for grievances he filed against them;

5) the claim that Defendants Doom and Pennrose assaulted Santiago causing an injury to his

hand that required a trip to the hospital and stitches in retaliation for his lawsuits and grievances;

6) the claim that Defendant Doom instructed all staff, including medical, not to offer Santiago

any assistance in retaliation for his filing grievances and lawsuits; and 7) the claim that

Defendants Abrams and Eilles came to his dorm at the direction of Defendant Black and

removed his legal papers in retaliation for his lawsuits and grievances.

The Court also allowed the following Eighth Amendment cruel and unusual punishment

claims to proceed for further development: 1) the claim that on or about February 4 or 15, 2009,

Defendants Doom and Pennrose pushed Santiago resulting in an injury to his hand that required

a trip to the hospital and stitches in violation of the Eighth Amendment; 2) the claim that

Defendant Doom directed medical not to assist Santiago when his stitches came open; 3) the

claim that Defendants Gee and Williams refused to give Santiago a wheelchair or crutches to

assist him in getting around the prison; 4) the claim that Defendants Fulkerson and Hiland

denied Santiago adult briefs and clean linens when he suffers from urinary incontinence; 5) the

claim that Defendants Hope and Hayes made Santiago crawl to his cell on his hands and knees;

and 6) the claim that Defendant Williams placed Santiago in a room all by himself and turned the

air conditioner up to punish him for filing grievances.

To govern the development of the continuing claims,

**IT IS ORDERED** as follows:

(1)      **The Clerk of Court shall forward by certified mail, return receipt requested,
one copy of the complaint (DN 1) and this Scheduling Order, to the Justice & Public Safety
Cabinet, Office of Legal Counsel, Frankfort, Kentucky.**  General Counsel shall have **30 days**
after receipt by certified mail of the complaint/amendments and this Order to complete and
return a notice of waiver of service for the following Defendants:  **1) Nancy Doom; 2) Eric
Woodward; 3) Lorenza Abrams; 4) Gary Hayes; 5) Steven Ford; 6) Lt. Morriss; 7) Peggy**

Pennrose; 8) Sgt. Eilles; 9) Mr. Black, Internal Affairs; 10) Susanna Gee; 11) Rickie Williams; 12) Jenetta Fulkerson; 13) Dr. Hiland; and 14) Lt. Hope. **Should counsel for the Justice & Public Safety Cabinet not represent any Defendant, the Court requests General Counsel to notify the Court and to provide a last known address for that Defendant so that it may ensure service.** If the address is not public record, counsel shall file the information **under seal**. The Clerk of Court shall issue summons and cause a copy of the complaint and summons to be served on each Defendant for whom waiver is not timely returned.

(2)    The answer to the complaint shall be filed no later than **60 days** after waiver of service. However, if service is required, the answer shall be filed no later than **21 days** after service of summons.

(3)    The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **MAY BE DISREGARDED** by the Court.

(4)    The parties shall complete all pretrial discovery herein no later than **November 9, 2010**. As a requirement of discovery, Defendants' counsel shall produce to Plaintiff all records or documentation which are relevant to the claim(s) set forth in this complaint that have survived initial review. **Counsel shall certify that the production is complete and shall file the certification with the Court**. Within the same time, Plaintiff shall provide counsel for Defendants any records or documentation relevant to his remaining claims. **Plaintiff shall certify that production is complete and shall file the certification with the Court**. A party

who wishes to file discovery material with the Court must comply with Federal Rule of Civil

Procedure 5(d). *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses

*must not* be filed until they are used in the proceeding or the court orders filing: depositions,

interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

(5)     This Order does not override a party's responsibility to timely and completely

respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and

36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the

Federal Rules of Civil Procedure.[1]

(6)     No later than **December 9, 2010**, Plaintiff shall file a pretrial memorandum,

setting forth in detail all facts upon which he bases his claim in this matter against each

Defendant.

(7)     No later than **January 8, 2011**, Defendants shall file a pretrial memorandum.  In

lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendants may file

any dispositive motions, including a motion for summary judgment pursuant to Fed. R. Civ. P.

56.

(8)     Either party may file dispositive motions at any time after providing the discovery

required above, or after providing sufficient reason why discovery is unnecessary for resolution

of the pending motion.  All dispositive motions shall be filed no later than **January 8, 2011**.

---

[1]The Court notes, however, that this action is exempt from the initial disclosure and
conference requirements of Federal Rule of Civil Procedure 26.  *See* Fed. R. Civ. P.
26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action
brought without an attorney by a person in custody of the United States, a state, or a state
subdivision."); Fed. R. Civ. P. 26(f) (parties must confer "[e]xcept in a proceeding exempted
from initial disclosure under Rule 26(a)(1)(B)").

(9)     If any party wishes additional time to complete any of the actions directed above,

a motion requesting any such extension must be filed with the Court before any such deadline

expires.  Any such motion to extend any time should indicate the reasons for extension.  The

Court will not grant an extension unless good cause is shown.

(10)     Should Plaintiff change addresses during the pendency of this matter, he must

provide written notice of a change of address to the Clerk of Court and to Defendants' counsel.

*See* L.R. 5.2(d).

(11)     Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address

change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A**

**DISMISSAL OF THIS CASE**.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.008