# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**ALBERTO J. SANTIAGO, SR.**                                     **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:10CV-P39-H**

**NANCY DOOM** *et al.*                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Alberto J. Santiago, Sr., acting without the assistance of counsel, filed this action pursuant to 42 U.S.C. § 1983. Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court permitted several retaliation-based claims to proceed against various prison officials. At the same time, the Court entered a Scheduling Order to govern the development of the surviving claims. Currently before the Court is a motion by Santiago asking the Court to appoint counsel to represent him as this matter proceeds. In support of his motion, Santiago states that he is a layman without legal training, that he has difficulty with the English language, and that he suffers from a multitude of physical and mental difficulties.

Litigants do not possess a constitutional right to the appointment of counsel in a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Rather, appointment of counsel lies exclusively within the court's discretion. Appointment of counsel is justified only in exceptional circumstances. *Id.* at 606. To determine whether exceptional circumstances exist, a court must consider the complexity of the issues involved and the ability of the plaintiff to represent himself. *Id.* The Court finds that the complexity of the legal issues in this case does not necessitate the appointment of counsel at this time. The law in this area is well-established and relatively straightforward. Santiago's ultimate success in this case will depend more on his

ability to substantiate his factual allegations than it will on novel or complicated legal theories. Additionally, while Santiago states in his motion that he has limited knowledge of the English language and is borderline mentally retarded, his filings to date demonstrate that he is able to adequately communicate with the Court. Even though Santiago's grammar and spelling are not perfect, his limitations do not appear to have materially hindered his ability to express himself. Additionally, Santiago cited a number of cases in both his complaint and the present motion. This suggests that Santiago has some access to legal materials and is able to utilize them properly. On the balance, the Court concludes that Santiago is able to access the courts and to represent himself adequately at this stage of the litigation. As such,

**IT IS HEREBY ORDERED** that the motion for appointment of counsel (DN 23) is **DENIED**.

Should his circumstances change, Santiago is free to renew his motion at a later date.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4412.008